FILED
DEC 0 9 2008
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                           Case No. 6:07-bk-06656-ABB
                                                 Chapter 7
LAURA BEATRIZ FILIPEK-NIEVES

    Debtor.
_____/

WENG WONG
a/k/a RAYMOND WONG
                                                 Adv. Pro. No. 6:08-ap-0043-ABB

    Plaintiff,

vs.

LAURA BEATRIZ FILIPEK-NIEVES
f/k/a LAURA WONG

    Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint to Determine the Dischargeability of Debt against Laura Beatriz Filipek-Nieves, the Debtor herein ("Filipek-Nieves), alleging a debt owed to Plaintiff/Former Husband, Weng Wong ("Wong"), pursuant to a Final Judgment of Dissolution of Marriage is nondischargeable ("Complaint," Doc. No. 1) An evidentiary hearing was held on November 13, 2008, at which counsel for Wong and counsel for Filipek-Nieves appeared, and testimony was elicited from the Parties. The Parties were granted leave to submit supplemental legal

memoranda and proposed findings of fact and conclusions of law in support of their positions. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and other documents filed herein, the evidence presented, hearing live argument and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

### *Background*

During their marriage, the Parties executed a note and mortgage to Bank of America in exchange for a home equity loan, the proceeds of which were used to invest in a restaurant business engaged in the Parties and several of their relatives ("B of A Note"). The business failed.

Wong seeks a determination that Filipek-Nieves' obligation to pay the balance due on the junior B of A Note, secured by a third mortgage on the family residence and arises from the parties' divorce settlement, is excepted from Filipek-Nieves' discharge as a support obligation pursuant to 11 U.S.C. §523(a)(5). A Partial Final Summary Judgment was previously entered as to Count II (Doc. No. 30), determining the debts listed in the Final Decree and owed Wong are nondischargeable pursuant to 11 U.S.C. §523(a)(15).

### *Marital Settlement Agreement*

The divorce of the Parties was granted pursuant to a Final Judgment Dissolving Marriage and settlement agreement ("Final Decree") entered on December 4, 2006, incorporating a Property Settlement Agreement ("Settlement Agreement").

The Parties executed the Settlement Agreement after full disclosure of their assets and liabilities; each actively participated in the negotiation of the Agreement, was

2

represented by counsel and was fully aware and competent of their actions. The Settlement Agreement (Exhibit 2) contained detailed allocations of assets and obligations, consisting of "Distribution of Assets" and "Debts and Liabilities" (Exhibits A and B respectively to the Settlement Agreement).

The marital home, 361 Covent Gardens Place, Deltona, FL 32725, was awarded to Wong (the "Home"). The obligation for payment of the first mortgage on the Home was allocated to Wong. The obligation to pay the balance of the B of A Note of $90,555.00 was allocated to Filipek-Nieves "until paid off." Wong continues to reside in the Home, and provides a residence for their minor child during Wong's shared custody. The Settlement Agreement makes clear that the B of A Note is a personal obligation of Filipek-Nieves in the nature of domestic support. Paragraph 23 states in relevant part:

> 23. With regard to the debt that each party shall be taking, each party does indemnify the other party and agrees to hold them harmless; and agrees to reimburse the other party in the event that the party taking the debt defaults and in any way fails to pay the debt, even by having the debt discharged by bankruptcy. In the event of a default or failure to pay, the defaulting party shall be obligated to reimburse the other party for any loss they suffer as a result of the default including any interest court costs, attorney's fees incurred by the non-defaulting party. A default with regard to the failure to pay any debt shall constitute a change of circumstances that may warrant a modification of the agreement."

Filipek-Nieves did not make any payments on the B of A Note after the divorce, although she was aware the B of A Note was in default and the Home was in danger of foreclosure. Wong borrowed funds to reinstate the B of A Note to avoid foreclosure. Filipek-Nieves contends she believed that the B of A Note was an obligation of the restaurant business ("Restaurant") in which the Parties had been engaged, and she has no

personal responsibility to pay. This testimony is belied by the express terms of the Settlement Agreement and is not credible.

The Settlement Agreement allocated the B of A note payments to Filipek-Nieves. Wong's interest in the Restaurant, which was funded by the proceeds of the B of A Note, was awarded to Filipek-Nieves, and Wong retained no interest. Their agreement was Wong would transfer his interest in the Restaurant to her and she would pay the junior mortgage debt on the Home. Filipek-Nieves anticipated she would have the ongoing income from the Restaurant to repay or refinance the obligation. Although the business failed, she is still obligated to pay the B of A Note. In light of these considerations, Filipek-Nieves' obligation to pay the B of A Note, secured by the Home, is a domestic support obligation.

### *Post-Divorce Transactions between the Parties*

The Settlement Agreement contained provisions relating to the transfers of assets as obligations were paid. Filipek-Nieves contends that Wong failed to cooperate in the sale and transfer of other assets, and proffered additional testimony from other witnesses in support. She asserts that, but for Wong's conduct, the B of A Note could have been satisfied. These contentions are not relevant to the issue before the Court as to the dischargeabilty of a support obligation contained in a divorce judgment. Post-divorce activities in violation of the Final Decree are for the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida, and are beyond the jurisdiction of the Court and scope of these proceedings. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. Ga. 1992).

## **CONCLUSIONS OF LAW**

Wong seeks a determination that Filipek-Nieves' obligation to pay the balance due on the junior B of A Note arises from the parties' divorce settlement and is excepted from Filipek-Nieves' discharge as a support obligation pursuant to 11 U.S.C. §523(a)(5). The plaintiff must demonstrate by a preponderance of evidence the debt is within one of the specifically enumerated exceptions under Section 523 of the Bankruptcy Code. Grogan v. Garner, 498 U.S. 279, 287 (1991). Section 523 provides in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (5) for a domestic support obligation;
> . . . .

11. U.S.C. § 523(a)(5)

A domestic support obligation is defined as "a debt . . . owed or recoverable by a spouse, former spouse, or child of the debtor . . . in the nature of alimony, maintenance, or support" established by a separation agreement, divorce decree, or property settlement. 11 U.S.C. §101(14A). The statutory scheme set out in 11 U.S.C. §523(a)(5) and 11 U.S.C. § 101(14A), provides a debt or obligation to a former spouse for "alimony to, maintenance for, or support of such spouse" is not dischargeable in bankruptcy if it is actually in the nature of alimony, maintenance, or support.

The bankruptcy court is not bound by the language or the labels of the obligations as specified in the marriage dissolution documentation of the state court. The bankruptcy court should consider the substance of the agreement or order that created the obligation to determine whether such obligation actually constitutes alimony, maintenance or support. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir.2001), *citing* In re

Harrell, 754 F.2d 902, 904 (11th Cir.1985). This requires the court to look beyond any label used by the parties in the divorce agreement, settlement agreement, or order. Campbell v. Campbell (In re Campbell), 74 B.R. 805, 809 (Bankr.M.D.Fla.1987).

The determination should be based on "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature of support*." Cummings v. Cummings, 244 F.3d at 1265. The court in Coverdale v. Coverdale (In re Coverdale), 65 B.R. 126, 129 (Bankr.M.D.Fla.1986) stated that "If the obligations under consideration relate to the preservation of an asset, which is necessary to preserve the lifestyle of a spouse, particularly to keep a roof over her head, [it] would clearly be an obligation in the nature of support...." Id. at 129. *See also* Robinson v. Robinson (In re Robinson), 921 F.2d 252 (10 Cir 1990), holding a debtor's obligation to pay a second deed of trust and to hold his former spouse harmless was in the nature of alimony, maintenance or support.

The Settlement Agreement allocated the B of A note payments, secured by the Home in which Wong resided with their child, to Filipek-Nieves. Wong's interest in the Restaurant, which was funded by the proceeds of the B of A Note, was awarded to Filipek-Nieves, and Wong retained no interest. Their agreement was Wong would transfer his interest in the Restaurant to her and she would pay the junior mortgage debt on the Home. Filipek-Nieves anticipated she would have the ongoing income from the Restaurant to repay or refinance the obligation. Although the business failed, she is still obligated to pay the B of A Note. In light of these considerations, Filipek-Nieves' obligation to pay the B of A Note, secured by the Home, is a domestic support obligation.

### *Conclusion*

Wong established all the elements of 11 U.S.C. §§ 523(a)(5) and is entitled to a judgment that Filipek-Nieves' obligation to pay the mortgage owed to Bank of America is a "Domestic Support Obligation" and exempted from discharge pursuant to title 11USC 523(a)(5).

A separate judgment in favor of Wong and against the Filipek-Nieves consistent with the memorandum Opinion shall be entered contemporaneously.

Dated this 9th day of December 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge